

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2005

# Frompovicz v. Schuylkill

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1934

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Frompovicz v. Schuylkill" (2005). *2005 Decisions.* Paper 1211.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1211

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1934
_____

STANLEY F. FROMPROVICZ, JR., t/a;
Far Away Springs; CAROL FROMPOVICZ, t/a Far Away
Springs; CITY OF PHILADELPHIA, Trustee for the
Estate of Steven Girard,
Appellants

v.

COUNTY OF SCHUYLKILL; SCHUYLKILL COUNTY ZONING HEARING
BOARD; SCHUYLKILL COUNTY PLANNING COMMISSION; JOHN SMYTHE;
MICHAEL CHICKERSKY; DANIEL DAUB; JOHN HUDAK, Zoning Officer,
Schuylkill County; CHARLES ROSS, Director, Schuylkill County
Planning Commission; FORREST SHADLE, Schuylkill County
Commissioner; EDWARD D. BARKET, Schuylkill County
Commissioner; FRANK STAUDENMEIR, Schuylkill County
Commissioner; JERRY KNOWLES, Schuylkill County Commissioner;
PAUL DATTE, Assistant Solicitor, County of Schuylkill; JAMES
L. LEWIS, Former Solicitor, Schuylkill County Zoning
Hearing Board; CHRISTOPHER HOBBS, Solicitor, Schuylkill
County Zoning Hearing Board; MARY KAY BERNOSKY, Solicitor,
Schuylkill County Planning and Zoning Department; JOSEPH
JONES, Solicitor, County of Schuylkill
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-01039)
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a) on January 13, 2005

Before: ROTH, CHERTOFF,[*] <u>Circuit Judges</u>, IRENAS,[**] <u>District Judge</u>.

(Filed: May 11, 2005 )

_____

OPINION

_____

ROTH, *Circuit Judge*

In 2001, Stanley and Carol Frompovicz bought a property known as the Brandonville Industrial Park, which has been zoned CR (conservation residential) and R3 (high density residential) since 1996. Trading as Far Away Springs, the Frompoviczes lease 800 acres of water removal rights from an adjacent property owned by the Girard Estate. On their property, they seek to start and run a spring water extraction and bottling business.

In pursuit of their goal, the Frompoviczes filed various applications for land use and zoning approval. As set forth in more detail in the District Court's opinion, they sought permission to encapsulate springs, install piping, collect, remove, and deliver water, and load trucks. Additionally, they proposed a residential subdivision plan. All of their applications were denied, and any decision appealed to the County Zoning Hearing

---

[*]   Judge Chertoff resigned after this case was submitted to the panel but before this opinion was filed. The opinion is filed by a quorum of the panel. *See* 28 U.S.C. § 46(d) (2005).

[**]   Honorable Joseph E. Irenas, United States District Judge for the District of New Jersey, sitting by designation.

Board was affirmed. Further appeals of the zoning decisions remain pending before the Schuylkill County Court of Common Pleas ("Court of Common Pleas").

Additionally, in January 2002, also in the Court of Common Pleas, the Frompoviczes sought a declaration that an earlier industrial zoning classification of their property still applied. However, the Court of Common Pleas granted summary judgment in favor of Schuylkill County, ruling that the Frompoviczes took title of Brandonville Industrial Park subject to the CR and R3 zoning classifications in place since 1996. The Commonwealth Court of Pennsylvania affirmed the Court of Common Pleas' decision in June 2004.

The Frompoviczes and the City of Philadelphia, as Trustee for the Girard Estate, brought six claims in the suit before the District Court. Specifically, they claimed violations of their substantive and procedural due process rights, a conspiracy to deny due process rights, municipal liability for civil rights violations, taking without just compensation, and third party interference with business relationship.

The District Court relied on the *Rooker-Feldman* doctrine (derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)) to dismiss the substantive due process claim for lack of jurisdiction. *See* FED. R. CIV. P. 12(b)(1). The District Court dismissed the rest of the federal claims for failure to state a claim, and then chose not to exercise its supplemental jurisdiction over the remaining state law claim. *See* FED. R. CIV. P. 12(b)(6); 28 U.S.C. §

1367(c) (2005). The Frompoviczes and the City of Philadelphia appeal from the District Court's order.[1]

We have appellate jurisdiction under 28 U.S.C. § 1291. The standard of review of the dismissals pursuant to Rules 12(b)(1) and 12(b)(6) is plenary. *See Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004). The dismissal of the state law claim pursuant to 28 U.S.C. § 1367(c) is reviewed for abuse of discretion. *Cf. DeAscencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir. 2003).

Appellants argue that the *Rooker-Feldman* doctrine does not bar consideration of their substantive due process claim. The Supreme Court recently clarified the contours of *Rooker-Feldman*, explaining that the doctrine deprives the lower federal courts of jurisdiction only in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, No. 03-1696, 2005 WL 711586, at *4, 2005 U.S. LEXIS 2929, at *10 (U.S. Mar. 30, 2005). *Rooker-Feldman* does not prevent a district court from hearing a suit in which a party is attempting to litigate in federal court claims previously brought in state court. *See id.* at 2005 WL 711586 at *8, 2005 U.S. LEXIS at

---

[1] Appellants do not appeal the dismissal of their procedural due process or takings claims; therefore, these claims are waived. *See Warren G. ex rel. Tom G. v. Cumberland County Sch. Dist.*, 190 F.3d 80, 84 (3d Cir. 1999).

*27-8. "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *See id.* (citations omitted). In the District Court, at least some aspects of Appellants' substantive due process claim overlaps with claims filed on behalf of Far Away Springs in Pennsylvania state court. The overlap, and Pennsylvania state court rulings on the zoning and land use issues, may preclude Appellants' success on the merits in District Court, *see* 28 U.S.C. § 1738 (2005); however, they do not prevent the District Court from considering Appellants' claim. Therefore, the District Court's order will be vacated to the extent that it dismissed the substantive due process claim. On remand, the District Court is free to consider whether it should apply preclusion doctrine or stay or dismiss the claim in deference to Appellants' state-court actions. *See Exxon Mobil Corp.*, 2005 WL 711586 at *4, 2005 U.S. LEXIS at *10.

Because the substantive due process claim will be reinstated, the two remaining federal claims that rely in part on the existence of a substantive due process violation must also be reinstated. Although the District Court correctly concluded that Appellants cannot state a claim for conspiracy to violate due process rights under 42 U.S.C. § 1985, they state a claim for a violation of 42 U.S.C. § 1983 when the substantive due process claim is considered. Similarly, because Appellants properly alleged a substantive due process claim, they also state a claim for municipal liability for the deprivation of their

due process rights.  Appellants' state law claim of third party interference with business relationship must be also reinstated because the federal claims described herein should not have been dismissed.  *See Gruenke v. Seip*, 225 F.3d 290, 308 (3d Cir. 2000).

For the foregoing reasons, the District Court's order will be vacated to the extent that it dismissed the substantive due process claim for lack of jurisdiction, the claims asserting conspiracy to deny due process rights and municipal liability for civil rights violations for failure to state a claim, and the state law claim of third party interference with business relationship pursuant to 28 U.S.C. § 1367(c).  This matter will be remanded to the District Court for further proceedings consistent with this opinion.